UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KENT M. SWIG,                                    Case No.:
                                                 07-CV-06672-VM
            Plaintiff,

    - against -

ARCH INSURANCE COMPANY, JAMES STUMPF
and TREVOR PRINCE

           Defendants.

------------------------------------------------------------------X


DEFENDANT ARCH INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
TO DISMISS THE COMPLAINT


TORRE, LENTZ, GAMELL, GARY
& RITTMASTER, LLP
Attorneys for Defendant
Arch Insurance Company
100 Jericho Quadrangle, Suite 309
Jericho NY 11753-2702
(516) 240-8900

The Action

This is an action by plaintiff Kent M. Swig for a judgment declaring that Arch's demand for payment under a written agreement of indemnity executed by Swig, and others, in favor of Arch, is unfounded and that Swig should not be required to make any payment on account of such demand or under said agreement of indemnity.[1]

The Motion

Arch moves, pursuant to Fed. R. Civ. P. 12(b)(1), for an order dismissing the complaint against Arch on the ground that plaintiff and defendant Arch are both citizens of the State of New York and, accordingly, there is no diversity jurisdiction under 28 U.S.C. §1332.

The Facts

The relevant facts are set forth in the affidavit of John J. Richardson sworn to October 9, 2007 (the "Richardson Affidavit") and will not be repeated in this memorandum except for emphasis.

## ARGUMENT

### DIVERSITY DOES NOT EXIST BETWEEN PLAINTIFF AND DEFENDANT ARCH

28 U.S.C. §1332(c)(1) provides, in part, that for purposes of diversity jurisdiction,

> a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . .

---

[1] There is presently pending in the Supreme Court of the State of New York, County of New York an action by Arch against Swig, commenced subsequent to the commencement of the instant action, seeking to enforce the provisions of that very same agreement of indemnity and recover a sum in excess of $200,000 thereunder from Swig.

110292 v1                                   2

The Standard Under a Rule 12(b)(1) Motion

Under Fed. R. Civ. P. 12(b)(1), a facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the asserted basis for jurisdiction is not sufficient. The party asserting subject matter jurisdiction has the burden of proving that it exists. Augienello v. Fed. Deposit Ins. Corp., 310 F. Supp. 2d 582, 587 (S.D.N.Y. 2004). The court may refer to evidence beyond the pleadings, such as affidavits, to resolve disputed jurisdictional facts and no presumptive truthfulness attaches to the complaint's jurisdictional allegations. Id. at 588.

Arch's Principal Place of Business is New York

Courts within the Second Circuit use two different tests for determining a corporation's principal place of business for diversity jurisdiction purposes depending on the corporation's structure and operations: (1) the "nerve center" test (where the corporation's operations are spread across several states) and (2) the "public impact" or "place of operations" test (where the corporation's operations are more centralized). R.G. Barry Corporation v. Mushroom Makers Corp., 612 F. 2d 651, 655 (2nd Cir. 1979); Scot Typewriter Co. v. Underwood Corp., 170 F. Supp. 862, 865 (S.D.N.Y. 1959); Royal Indemnity Company v. Wyckoff Heights Hospital, 953 F. Supp. 460, 462 (E.D.N.Y. 1996); Augienello v. Fed. Deposit Ins. Co., supra; Frisone v. Pepsico, Inc., 369 F. Supp.2d 464, 470-471 (S.D.N.Y. 2005); Riklis v. Reese, 2007 WL1946536 (S.D.N.Y. 2007). Since Arch transacts business in, and its activities are spread across, 50 states, the

District of Columbus and Puerto Rico (Richardson Affidavit ¶5), the "nerve center" test is the appropriate test in determining Arch's principal place of business.

Under the "nerve center" test where the corporation transacts business in many states, the focus is on those factors that identify the place where overall corporate policy originates. R.G. Barry Corporation, supra; Scot Typewriter, supra. Thus, the courts have held that the principal place of business of a far-flung corporate enterprise is "the nerve center from which it radiates out to its constituent parts and from which its officers direct, control, and coordinate all activities without regard to locale, in furtherance of the corporate objective." Scot Typewriter, supra, at 865; R.G. Barry Corporation, supra, at 655; Frisone, supra, at 471. "In other words, the 'nerve center' test places the principal place of business at the location of a company's headquarters." Peters v. Timespan Communications, Inc., 1999 WL 135231 (S.D.N.Y. 1999)

A case involving an insurance company transacting business in all fifty states with offices throughout the country, and directly on point and dispositive of the issue at hand, is Royal Indemnity Company, supra. In Royal, the issue was whether North Carolina or New York was Royal's principal place of business for diversity jurisdiction purposes. After describing Royal as "the paradigm of the corporation with operations spread over numerous states" (a description equally applicable to Arch), the court applied the nerve center test and looked to "those factors that identify the place where overall corporate policy originates" and from which its officers "direct, control, and coordinate all activities without regard to locale, in furtherance of the corporative objectives." 953 F. Supp. at 462-463. In support of Royal's motion to strike the defense of lack of subject

matter jurisdiction, the court relied on the affidavit of a Royal officer (virtually identical to the Richardson Affidavit) which stated, among other things, that all of Royal's administrative functions were performed in North Carolina; all of Royal's executives and eight out of nine of its directors were situated in North Carolina; all marketing and regulatory functions were handled and all underwriting decisions were made in North Carolina; all corporate books and records were kept in North Carolina and all accounting functions were performed in North Carolina. Based on said affidavit, the Court held that "the evidence unquestionably establishes that Royal's principal place of business is North Carolina" and granted Royal's motion to strike the defense of subject matter jurisdiction. Id. at 463.

In the instant case, it is submitted that measured by the criteria in applying the "nerve center" test as set forth in the cases cited above, the facts set forth in the Richardson Affidavit unquestionably establish that Arch's overall corporate policy originates in New York and that New York is the location from which Arch's officers direct, control and coordinate all activities regardless of locale.

## CONCLUSION

Since Arch has its principal place of business in New York, jurisdiction does not exist under 28 U.S.C. §1332 and Arch's motion to dismiss the complaint as against it should be granted.

Dated: Jericho, New York
      October 11, 2007

Respectfully submitted,

TORRE, LENTZ, GAMELL, GARY
& RITTMASTER, LLP
Attorneys for Defendant
Arch Insurance Company

By: _____
    Steven H. Rittmaster (SR 3510)

100 Jericho Quadrangle, Suite 309
Jericho NY 11753-2702
(516) 240-8900